UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HARRINGTON TABE OROCK,
Plaintiff,
v.
SERGIO ALBARRAN, et al.,
Defendants.

Case No. 26-cv-12300-TLT

**ORDER GRANTING TEMPORARY RESTRAINING ORDER AND REQUIRING RESPONDENTS TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**

Re: Dkt. No. 1, 7, 9

Hearing on November 2, 2026 at 11:00 a.m.

On October 21, 2026, Petitioner Harrington Tabe Orock ("Petitioner") filed a habeas petition seeking release from the custody of U.S. Immigration and Customs Enforcement ("ICE") and asserting claims for violation of his procedural and substantive due process rights in connection with his detention by ICE. *See* ECF 1 ("Petition" or "Pet."). The Petition indicated an intention to file a temporary restraining order ("TRO"). ECF 1 ¶ 15.

In accordance with the Court's order requiring Petitioner to comply with Rule 65 and to serve the Petition on the government (ECF 3), Petitioner filed proof of service (ECF 6). The proof of service indicated that: (1) the Petition, the Judge's standing order, and a summons were sent via U.S. mail on October 22, 2026; and (2) a copy of the Petition was sent via email to Kenneth.Brakebill@usdoj.gov, with a copy to USACAN.ImmHabeas@usdoj.gov. ECF 6 at 2. In addition, the proof of service further indicated that "[c]ounsel for Respondents have been informed that a motion for a temporary restraining order will follow in the week of October 26, 2026. Counsels will meet and confer regarding a briefing schedule for the proposed TRO and will inform the Court accordingly of any stipulated briefing schedules." ECF 6 at 2.

Accordingly, the Court issued a clerk's notice setting a briefing schedule for the forthcoming TRO and scheduled a hearing for November 2, 2026. ECF 7.

United States District Court
Northern District of California

On October 23, 2026, Petitioner filed an application for a TRO. ECF 9. After reviewing the Petition, the TRO application, and for the following reasons, Petitioner's application for a TRO is **GRANTED**.

## I. BACKGROUND

Petitioner is a native of Cameroon who entered the United States on a tourist visa in 2014 and has remained in the United States ever since. ECF 9 at 4-5. He applied for asylum but his application was denied by U.S. Citizenship and Immigration Services ("USCIS"). ECF 9 at 5. Thereafter, his matter was referred to immigration court and subsequently dismissed. ECF 9 at 5.

Petitioner lives in Humboldt County with his U.S. citizen wife and has a pending application for an adjustment of status based on a qualifying marriage. ECF 9 at 4. Petitioner has two U.S. citizen children in Texas who he supports financially and a current work authorization card to work in the United States. ECF 9-1 ¶ 7. Petitioner has *no criminal history*. ECF 9-1 ¶ 7.

On October 21, 2026, Petitioner had an interview at USCIS in San Francisco in connection with his green card application. ECF 9-1 ¶¶ 3, 4, 6. At the end of the interview, multiple ICE officers came into the room. ECF 9-1 ¶ 6. Petitioner was handcuffed and taken to a different floor. ECF 9-1 ¶ 6. Petitioner was informed that he would be sent to a detention facility in California City, California, which is where Petitioner is now being detained. ECF 9-1 ¶¶ 6; ECF 9 at 4. Based on the information before the Court, it appears like that the instant Petition was likely filed before Petitioner was removed from this District. *See* ECF 1; ECF 9; ECF 9-1.

## II. LEGAL STANDARD

The standard for issuing a temporary restraining order is substantially identical to the standard for issuing a preliminary injunction. *Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017). Thus, a party seeking a temporary restraining order must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. A "TRO 'should

be restricted to . . . preserving the status quo and preventing irreparable harm just so long as is necessary to hold a [preliminary injunction] hearing, and no longer.'" *E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 779 (9th Cir. 2018) (quoting *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974)).

## III. DISCUSSION

The government was served with the Petition, received notice that a TRO application was forthcoming, and received a copy of Petitioner's TRO motion. ECF 6; ECF 9; ECF 9-1. Accordingly, the requirements of Rule 65(b) are met. Fed. R. Civ. P. 65(b).

Next, all four *Winter* factors cut in favor of a TRO.

First, Petitioner has demonstrated a likelihood of success on the merits of his procedural due process claim. Under the Due Process Clause of the Fifth Amendment to the United States Constitution, no person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)). The Due Process Clause typically "requires some kind of a hearing before the State deprives a person of liberty." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990).

Immigration detention requires a showing of exigent circumstances. Petitioner alleges that he is not a danger to the community or a flight risk. ECF 1 ¶ 13. On this record, the Court agrees. Petitioner has resided in the United States since 2014, has a U.S. citizen wife and children, and has a valid work permit. ECF 1 ¶ 13. Petitioner has no criminal history. ECF 9-1 ¶ 7. There is no evidence before the Court that Petitioner poses a danger to the community. *See Garcia v. Albarran*, 2026 WL 2792662, at *2 (N.D. Cal. Sept. 17, 2026) ("The caselaw in this district is clear. Mr. Garcia's detention—absent being convicted of a crime—raises serious liberty and procedural due process concerns." (collecting cases)). Moreover, there is also no evidence on the record that Petitioner is a flight risk. Petitioner was arrested during a USCIS interview for a green card, has family members who are U.S. citizens, and does not have a removal order. ECF 1 ¶¶ 6, 11, 13; ECF 9-1 ¶ 6. These circumstances warrant issuance of a TRO. *See Ayala v. Albarran*, 2026 WL

United States District Court
Northern District of California

1179862, at *4 (N.D. Cal. Apr. 30, 2026).

Second, Petitioner is likely to suffer irreparable harm should the TRO not issue. The Ninth Circuit has recognized "irreparable harms imposed on anyone subject to immigration detention," including "the economic burdens imposed on detainees and their families as a result of detention." *Hernandez v. Session*s, 872 F.3d 976, 995 (9th Cir. 2017). Petitioner has demonstrated that he is likely to suffer these irreparable harms should the TRO not issue. Petitioner is in custody, is separated from his family, and has been transferred outside this District to a detention facility in California City. ECF 1 ¶¶ 6, 11, 13; ECF 9 at 4.

Third, the balance of equities tips sharply in Petitioner's favor. The public interest also cuts in Petitioner's favor. "[T]he public has a strong interest in upholding procedural protections against unlawful detention, and the Ninth Circuit has recognized that the costs to the public of immigration detention are staggering." *Jorge M. F. v. Wilkinson*, No. 21-cv-01434, 2021 WL783561, at *3 (N.D. Cal. Mar. 1, 2021) (cleaned up); *see also Preminger v. Principi*, 422 F.3d 815, 826 (9th Cir. 2005) ("Generally, public interest concerns are implicated when a constitutional right has been violated, because all citizens have a stake in upholding the Constitution."). If no TRO issues, Petitioner faces a severe deprivation of his constitutional liberty interest without the due process protections he is afforded. In contrast, the issuance of a TRO has a de minimis effect on the government, which faces a short delay in detaining Petitioner. Moreover, it bears mentioning that a party "cannot reasonably assert that it is harmed in any legally cognizable sense by being enjoined from constitutional violations." *Zepeda v. U.S. Immigr. & Nat. Serv.*, 753 F.2d 719, 727 (9th Cir.1983).

Lastly, the Court determines that a security is not necessary. "The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). The Ninth Circuit has "recognized that Rule 65(c) invests the district court with discretion as to the amount of security required, if any." *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003) (internal quotation marks and citation omitted). "The district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct."

*Id.* Because the Court perceives no prejudice to Respondents resulting from this TRO, issuance without a security is appropriate.

## IV. ORDER

Accordingly, it is hereby **ORDERED THAT:**

1. Petitioner's application is **GRANTED** to preserve the status quo pending further briefing and a hearing on this matter.

2. The government is **ORDERED** to release Petitioner immediately from the government's custody and is **ENJOINED AND RESTRAINED** from re-detaining him without notice and a pre-deprivation hearing before a neutral decisionmaker where the government bears the burden of proving that Petitioner is a danger to the community or a flight risk by clear and convincing evidence. The government **SHALL** file a status report regarding compliance with this order by 5:00 p.m. on October 23, 2026, and confirm that Petitioner has been released from the government's custody and is being returned to this District.

3. The government **MUST RETURN** Petitioner to this District and is **ENJOINED** from removing Petitioner from this judicial district during the pendency of these habeas proceedings. This Order does not prevent the government from executing a final, executable order of removal if one is entered against Petitioner.

4. The government is **ORDERED TO SHOW CAUSE** in-person at the previously scheduled hearing on November 2, 2026 at 11:00 a.m. why a preliminary injunction should not issue. ECF 7. In their response to Plaintiff's TRO, which is due on October 28, 2026 at 12:00 p.m. (ECF 7), the government shall also respond to this Court's order to show cause why a preliminary injunction should not issue. ECF 7. In accordance with the Court's briefing schedule (ECF 7), Plaintiff's reply in support of his TRO motion is due no later than October 29, 2026 at 12:00 p.m.

5. This Order shall remain in effect until November 2, 2026 at 5:00 p.m.

IT IS SO ORDERED.

Dated: October 23, 2026

TRINA L. THOMPSON
United States District Judge